UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUSTODIO P. GUTIERREZ, *et al.*, | No. C-15-2984 EMC |
| Plaintiffs, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| WELLS FARGO BANK, N.A., *et al.* | **(Docket No. 12)** |
| Defendants. | |

On August 20, 2015, this Court held oral argument on Defendants' motion to dismiss Plaintiffs' complaint in this action. For the reasons articulated on the record, and further for the reasons briefly summarized below, the Court **GRANTS** Defendants' motion. Plaintiffs may file an amended complaint by September 25, 2015.

A.  Count 1: Elder Abuse

Plaintiffs' first cause of action is for elder abuse under California Welfare and Institutions Code section 15610.30(a). This claim is expressly grounded in fraud. *See Bertolina v. Wachovia Mortgage, FSB*, No. 10-5250 CW, 2011 WL 3473527, at *4-5 (N.D. Cal. Aug. 9, 2011) (holding that a claim under California Welfare and Institutions Code section 15610.20(a)(1) is grounded in fraud); *see also Chavers v. GMAC Mortgage, LLC*, No. 11-cv-1097-ODW, 2012 WL 2343202, at *6 (C.D. Cal. June 20, 2012) (same). Consequently, Plaintiffs are required to "plead a violation of the Elder Abuse Act with particularity" in order to satisfy the pleading requirements of Federal Rule of Civil Procedure 9(b). *Bertolina*, 2011 WL 3473527, at *4; *see also* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or

mistake."). Like the Plaintiff in *Bertolina*, however, "Plaintiff's complaint does not identify the manner in which Defendant [Wells Fargo] purportedly violated the Elder Abuse Act. It merely states that Defendant [Wells Fargo] violated the Act by obtaining a security interest in Plaintiff's property through 'deceitful, wrongful, illegal conduct.'" *Bertolina*, 2011 WL 3473527, at *4. Such vague legal conclusions, without adequate factual allegations, are insufficient. *Id.* Plaintiffs may amend this claim in an effort to satisfy the heightened pleading standard of Rule 9(b).

B.  Count 2: Breach of Security Instrument

Plaintiffs next claim that Wells Fargo breached its contract with them by recording a Notice of Default before complying with two separate purported notice provisions (Sections 14 and 26) in the Deed of Trust. *See* Complaint at ¶¶ 57, 79. Section 14 appears merely to govern *how* notice should be given (either by mail or hand-delivery), not when it must be given. Plaintiffs do not appear to complain that they never received *any* notice of their default or Wells Fargo's intent to foreclose – rather the allegation seems to be that they did not receive notice at the proper time (*i.e.*, before the Notice of Default was recorded). *See* Complaint at ¶ 79. Because Section 14 says nothing about the timing of notice, Plaintiffs' current allegations of breach of this provision are not plausible. The same is true of Section 26. That section appears to require the Lender to provide prior notice to the borrower if "any right in the Property[] is sold or transferred without Lender's prior written permission." *Id.* There is no such allegation in the complaint, however. As confirmed at the hearing, the subject property apparently has not yet been sold, and Plaintiffs have not sold the property without lender permission. Thus, Plaintiffs' allegations of breach of security instrument are dismissed with leave to amend.

C.  Counts 3, 5, 7 and 8: California Homeowner's Bill of Rights Procedural Claims

Plaintiffs allege in Counts 3, 5, 7 and 8 that Wells Fargo breached certain procedural protections contained in California's Homeowners Bill of Rights (HBOR). Specifically, Plaintiffs allege that Wells Fargo violated: California Civil Code Section 2923.5 by failing to contact Plaintiffs at least 30 days prior to recording a Notice of Default; California Civil Code Section 2923.10, by failing to provide a written acknowledgment that it had received Plaintiffs' loan modification request; California Civil Code Section 2923.6, which prohibits dual tracking (*i.e.*, proceeding with

foreclosure while a loan modification application is pending); and California Civil Code Section 2923.7, by failing to assign a single point of contact for Plaintiffs to speak to regarding their loan modification request. *See, e.g.*, Complaint at ¶¶ 86, 103, 113, 119. Plaintiffs seek both injunctive and monetary relief.

As explained at the hearing, where no trustee's deed upon sale was filed and no foreclosure has taken place, a Plaintiff may not maintain a suit for money damages for procedural HBOR violations. *See Gonzales v. Citimortgage, Inc.*, No. 14-cv-4059-EMC, 2015 WL 3505533, at *2 (N.D. Cal. June 3, 2015); *see also* Cal. Civ. Code § 2924.12(b) ("***After*** a trustee's deed upon sale has been recorded, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall be liable to a borrower for actual economic damages pursuant to Section 3281, resulting from a material violation of Section 2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11, or 2924.17. . ."). Essentially, Plaintiffs' request for monetary damages is currently unripe because no foreclosure has occurred. If a foreclosure does occur, as this Court held in *Gonzales*, damages require a *material* breach. Plaintiffs' request for injunctive relief currently appears moot. As this Court has explained, injunctive relief is available to enforce the procedural requirements of HBOR while a borrower's loan modification request is still pending, and where the HBOR violations alleged are "material." *See Gonzales*, 2015 WL 3505533, at *4; *see also* Cal. Civil Code § 2924.12(a). As currently pleaded, Plaintiffs do not meet either requirement. According to the complaint, Wells Fargo denied Plaintiffs' loan modification on the merits in January 2015. Complaint at ¶ 114. Plaintiffs' complaint does not currently identify what injunctive relief could issue here that would redress their injuries, or how the alleged violations that previously occurred could be material to Plaintiffs now, after their loan modification request has been denied. Hence, the procedural HBOR claims are dismissed without prejudice.

D. <u>Counts 4, 6, 11 and 12: California Homeowner's Bill of Rights Substantive Claims; Slander of Title and Quiet Title</u>

Counts 4, 6, 11 and 12 all appear predicated on an allegation that Wells Fargo lacks standing or authority to initiate/prosecute foreclosure proceedings on Plaintiffs' home. These counts do not currently appear to be cognizable under California law. The California Court of Appeal has

3

repeatedly held that there is no legal authority which permits a borrower to "bring a preemptive judicial action to determine whether Defendants have the authority to initiate nonjudicial foreclosure on [the borrower's] home" unless the borrower pleads a *specific factual basis* to support their claim that the foreclosing party lacks such authority. *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal. App. 4th 497, 512-13 (2013); *see also Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149 (2011); *Silga v. Mortgage Electronic Reg. Sys., Inc.*, 219 Cal. App. 4th 75, 84-85 (2013). As the Court of Appeal explained in *Silga*, "[a]bsent a specific factual basis" in support of the claim, a claim challenging a party's authority to foreclose "amounts to a preemptive claim seeking to require the foreclosing party to demonstrate in court its authority to initiate a foreclosure. Such a claim is invalid and subject to demurrer." *Silga*, 219 Cal. App. 4th at 86 (citations omitted). Here, the complaint contains no factual basis in support of Plaintiffs' contention that Wells Fargo does not have standing/authority to foreclose, let alone a specific factual basis. Indeed, public documents submitted by Wells Fargo indicate it does have standing to foreclose. Out of an abundance of caution, however, these claims will be dismissed with leave to amend.

E.      Count 10: Intentional Infliction of Emotional Distress

Plaintiffs allege in Count 10 that they have suffered severe emotional distress, including "lack of sleep, anxiety, and depression" as a result of Defendants' alleged "outrageous conduct" of attempting to foreclose on their property "without legal right to do so." As a number of courts have recognized, "[t]he act of foreclosing on a home (absent other circumstances) is not the kind of extreme conduct that supports an intentional infliction of emotional distress claim." *Quinteros v. Aurora Loan Servs.*, 740 F. Supp. 2d 1163, 1172 (E.D. Cal. 2010); *Davenport v. Litton Loan Servicing, LP*, 725 F. Supp. 2d 862, 884 (N.D. Cal. July 16, 2010) (Seeborg, J.) (holding that absent specific allegations that the lending party asserted its rights to foreclose in bad faith, an IIED claim will not lie in a foreclosure case). Plaintiffs have not made any specific allegations that would support a finding that Wells Fargo has committed any such "outrageous conduct." Thus, Plaintiffs IIED claim is dismissed without prejudice.

//

//

F. <u>Count 9: Unfair Competition Law</u>

  The last count to be discussed is brought pursuant to California's Unfair Competition Law (UCL), and is derivative on the previously discussed and dismissed claims. *See Newton v. Am. Debt Servs.*, 75 F. Supp. 3d 1048, 1056 (N.D. Cal. 2014). Because the Court finds that none of the predicate violations alleged in Plaintiffs' complaint survive Defendants' motion to dismiss, Plaintiffs' derivative UCL claim must similarly be dismissed. Such dismissal is with leave to amend. Plaintiffs shall have until September 25, 2015 to file an amended complaint.

  This order disposes of Docket No. 12.

  IT IS SO ORDERED.

Dated: August 24, 2015

_____
EDWARD M. CHEN
United States District Judge

5